1
2
3          **UNITED STATES DISTRICT COURT**
4          **DISTRICT OF NEVADA**
5
6   CHELSEY YOUNG,                          )
7                      Plaintiff,           )        Case No.  2:12-cv-02080-LDG-CWH
                                            )
8   vs.                                     )        **ORDER**
                                            )
9   BRYANT, INC.,                           )
                                            )
10                     Defendant.           )
    _____)
11
12          This matter is before the Court on Plaintiff's *Ex Parte* Motion to Enlarge Time to Serve and
    for Service by Publication (#6), filed April 5, 2013.  The complaint in this matter was filed on
13
    December 6, 2012. (#1).  A summons was issued that same day. (#3).  Plaintiff seeks damages for
14
    alleged violations of the Fair Debt Collection Practices Act.  To date, Plaintiff has been unable to
15
    effectuate service and now moves for an order extending the time to effectuate service and for an
16
    order permitting service by publication.
17
                                **DISCUSSION**
18
           Pursuant to Federal Rule of Civil Procedure 4(m):
19
               If a defendant is not served within 120 days after the complaint is filed, the
20             court–on motion or on its own after notice to the plaintiff–must dismiss the
               action without prejudice against that defendant or order that service be made
21             within a specified time.  But if the plaintiff shows good cause for the failure,
               the court must extend the time for service for an appropriate period.
22
    Fed. R. Civ. P. 4(m).  Courts have broad discretion to extend time for service under Rule 4(m).  *Efaw v.*
23
    *Williams*, 473 F.3d 1038, 1041(9th Cir. 2003).  The 120-day time period for service contained in Rule
24
    4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v.*
25
    *United States*, 517 U.S. 654, 661 (1996).  "On its face, Rule 4(m) does not tie the hands of the district
26
    court after the 120-day period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant
27
    an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324
28
    F.3d 1088, 1090 (9th Cir. 2003).  Moreover, the Advisory Committee Notes to Rule 4(m) state that the

rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

The Court has reviewed Plaintiff's *ex parte* motion (#6) along with the previously filed affidavits of due diligence (Dkt. (#4) and (#5)) and is satisfied that Plaintiff has been diligent in her service efforts. Service has been attempted on multiple dates, at multiple locations, and in conjunction with a thorough effort to identify the proper individual and locale for service. Consequently, Plaintiff's request for an extension of time to accomplish service will be extended for an additional ninety (90) days from the date of this order.

Plaintiff also requests an order permitting her to serve Defendant by publication. Defendant Bryant, Inc. is identified in the complaint as "a corporation engaged in the business of collecting debts" that operates under the "fictitious firm name . . . Nevada Professional Collection Services Inc." *See* Compl. (#1) at ¶¶ 5, 6. Federal Rule of Civil Procedure 4(h) provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and statute so requires–by also mailing a copy of each to the defendant . . . .

Rule 4(e)(1) provides that service may be accomplished by "following state law." In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due

1    diligence be found within the state, or conceals himself to avoid the service of summons."[1]

2      A party seeking service by publication must seek leave of court by filing an affidavit

3 demonstrating due diligence in attempting to personally serve the defendant.  In evaluating due

4 diligence, courts look to several factors.  *See Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990); *Abreu v.*

5 *Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).  There is

6 no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has

7 characterized the analysis as one measured by the quality of service efforts.  *Abreu*, 985 P.2d at 749

8 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for

9 determining what is, or what is not, due diligence.  The due diligence requirement is not quantifiable by

10 reference to the number of service attempts or inquiries into public records.  Instead, due diligence is

11 measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific

12 defendant.").

13      The Court has reviewed the record and finds that Plaintiff has demonstrated due diligence in her

14 efforts to serve Defendant Bryant, Inc.  The process server made service attempts at different locations,

15 different times, and in consultation with available public records.  Consequently, the request to serve by

16 publication will be granted.

17      Based on the foregoing and good cause appearing therefore,

18      **IT IS HEREBY ORDERED** that  Plaintiff's *Ex Parte* Motion to Enlarge Time to Serve and for

19 Service by Publication (#6) is **granted**.  Plaintiff shall have until **Monday, July 22, 2013** to effectuate

20 service in this manner.

21      DATED this 23rd day of April, 2013.

22

23

24              **C.W. Hoffman, Jr.**

                **United States Magistrate Judge**

25

26

27

28      [1]  A serving party may, when attempting to serve a Nevada corporation, use the alternative means set forth in NRCP(d)(1) in lieu of requesting service by publication.